Keeley O. Cronin, MT Bar No. 6732804
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 861-0600
kcronin@bakerlaw.com

Robert W. Thielhelm Jr. (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4072
rthielhelm@bakerlaw.com

Paul N. Tranel
**BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.**
PO Box 7729
Missoula, MT 59807-7729
Telephone: (406) 532-7800
mail@bebtlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SPECIALTYCARE INC., a Delaware corporation, REMOTE NEUROMONITORING PHYSICIANS, PC, a Pennsylvania corporation, and SENTIENT PHYSICIANS, PC, an Illinois corporation,<br><br>Plaintiffs,<br><br>vs. | Cause No. CV-25-_____<br>The Hon. _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

ALLEGIANCE LIFE & HEALTH
INSURANCE COMPANY, INC., a
Montana corporation,

                      Defendant.

Plaintiffs, SPECIALTYCARE, INC., REMOTE NEUROMONITORING PHYSICIANS, PC, AND SENTIENT PHYSICIANS, PC (collectively, "SpecialtyCare" or "Plaintiffs") bring this action against Defendant, ALLEGIANCE LIFE & HEALTH INSURANCE COMPANY, INC. ("Allegiance") and allege as follows:

## NATURE OF THE ACTION

1.    Allegiance has, and continues to, violate the No Surprises Act ("NSA"), and is engaging in bad faith claims settlement practices. Allegiance has devised a scheme to turn the purpose of the NSA on its head. Rather than Independent Dispute Resolution ("IDR") proceedings being a quick and efficient mechanism to resolve payment disputes between out-of-network providers of emergency services and health plans (as intended), Allegiance has used the NSA to deny, delay, and underpay out-of-network providers. After providers receive low initial payments from Allegiance (or no payment at all), providers are forced to navigate the NSA to receive a determination for fair compensation of their services. Once a provider receives an IDR award determination, Allegiance has continued to exhibit a pattern of delaying payment far beyond the statutorily mandated thirty-day deadline.

2.     To date, Allegiance has not paid $227,806 in IDR awards issued through November 22, 2024, to SpecialtyCare. Allegiance is ignoring federal law and violating Montana state law and must be held accountable.

## PARTIES, JURISDICTION, AND VENUE

3.     SpecialtyCare, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Brentwood, Tennessee.

4.     SpecialtyCare, Inc., through its affiliates and subsidiaries, is a leading national health care provider of intraoperative neuromonitoring throughout the United States, including Montana.

5.     SpecialtyCare, Inc. has two affiliated entities: Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC. Remote Neuromonitoring Physicians, PC is organized under the laws of the state of Pennsylvania and Sentient Physicians, PC, is organized under the laws of the state of Illinois. Both are professional corporations with principal places of business located in Brentwood, Tennessee.

6.     Allegiance is a for-profit corporation organized under the laws of the state of Montana with its principal place of business in Missoula, Montana. Allegiance insures and administers health insurance products and benefits plans throughout Montana.

7.     This Court has complete diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as all Plaintiffs are diverse from Allegiance and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has federal question jurisdiction under the NSA.

8.     This Court has personal jurisdiction over Allegiance because, among other reasons, Allegiance operates, conducts, engages in and, and carries on a business in Montana and in this District, it maintains offices and facilities in Montana and in this District, and Allegiance committed the acts complained of herein in Montana and in this District. Further, Allegiance is engaged in substantial activity in Montana, both interstate and intrastate.

9.     Venue is proper in the District of Montana under 28 U.S.C. § 1391(b)(1) and (c)(2) because Allegiance is a resident of this District, and the Court has personal jurisdiction over it.

## FACTUAL ALLEGATIONS

10.    This dispute arises from Allegiance's failure to reimburse SpecialtyCare for its health care services provided to Allegiance's members.

11.    At all material times, Allegiance was obligated to cover and reimburse SpecialtyCare for certain out-of-network ("OON") items and services rendered to Allegiance's members and insureds under the NSA.

12.    The NSA became effective January 1, 2022, and requires health plans and insurers, like Allegiance, to provide coverage and reimburse providers directly for OON emergency health care services and non-emergency services furnished by OON providers at participating hospitals and facilities.

13.    Under the NSA, health plans and issuers have thirty calendar days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. §§ 300gg-111(b)(1)(C–D). Plans and issuers are allowed to initially pay the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to negotiate a higher amount. *Id.* at § (c)(1)(A). If negotiations fail, the provider may initiate an independent dispute resolution ("IDR") process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* at § (c)(1)(B).

14.    The IDR process requires both parties to submit position statements and proposed offers of payment for the items and services at issue to the IDR entity. *Id.* at § (c)(5)(B)(i). The IDR entity then evaluates both proposed offers based on a number of statutory factors, then selects one offer as the appropriate payment for the items and services at issue. *Id.* at § (c)(5)(C).

15.    After the IDR entity's determination, the health plan or insurer is required to pay any amount owed **within thirty calendar days**. *Id.* at § (c)(6).

16.    Since the implementation of the NSA, SpecialtyCare and Allegiance have engaged in numerous IDR processes and proceedings to resolve OON payment disputes. In most, if not all of those IDR proceedings, Allegiance participated and responded in writing to SpecialtyCare's claims and demands. Likewise, numerous IDR entities have issued determinations clearly requiring Allegiance to pay SpecialtyCare additional amounts pursuant to the NSA.

17.    The IDR awards at issue were rendered in accordance with the NSA, and are, therefore, binding upon SpecialtyCare and Allegiance. *Id.* at § (c)(5).

18.    However, Allegiance has consistently failed to remit payment pursuant to the IDR entity's determinations through November 22, 2024, resulting in $227,806 in unpaid and past due claims owed to SpecialtyCare from Allegiance (the "Debt"). A chart identifying each of the unpaid IDR awards at issue in this action, including the dispute numbers for those IDR award against Allegiance and the amount Allegiance owes under each award, is attached hereto as **Exhibit A**.

19.    Allegiance has also consistently failed to make timely payment within the NSA's required thirty-calendar-day payment window, beginning when the IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than 120 days past due.

20.    SpecialtyCare has made numerous demands to Allegiance for its payment on the Debt.

21.    Beginning in 2023 and continuing throughout 2024, SpecialtyCare escalated the issue of Allegiance's routine failure to pay amounts owed for the IDR entity determinations to Allegiance. Although not required by the NSA, SpecialtyCare provided an inventory of IDR entity determinations to Allegiance to aid in the resolution of the Debt. Such inventory listed the following identifying information:

- IDR dispute number
- CPT
- Service Date
- PCN
- Payor Claim Number
- Award Total
- Decision Date
- Expected Payment Date
- Total Payments (to date)
- Still Owed
- Patient Amount Paid

22.    SpecialtyCare diligently followed up with Allegiance through multiple emails, Allegiance's online provider portal, and Allegiance's customer service hotlines, among other avenues. However, Allegiance frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

23.    SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Allegiance.

24.    SpecialtyCare provided and continues to provide OON items and services to Allegiance's members and insureds and, when necessary to protect its

rights, sought reimbursement pursuant to the NSA. Accordingly, SpecialtyCare also expects to enter further transactions with Allegiance that may yield future IDR entity determinations and increase the Debt.

25.    For each IDR determination at issue, Allegiance made no payment at all or an initial payment on the claim that was unreasonable and well below the amount ultimately awarded in the IDR.

26.    Allegiance makes these low initial payments hoping that SpecialtyCare will be too busy to file IDR proceedings or will miss one of the NSA's strict deadlines. This conduct forces SpecialtyCare to go through the IDR process, which is burdensome, on every claim.

27.    When SpecialtyCare has challenged Allegiance's low payments and subsequently obtained IDR awards for higher amounts, Allegiance then unreasonably delayed—and continues to delay—payment past the thirty-day statutory payment deadline.

28.    Allegiance knows that it is statutorily required to pay Plaintiffs the IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet its obligations under federal law because it knows that it, its shareholders, and the health plans it serves profit from lack of compliance and violation of the mandatory payment obligations. Allegiance knows that the longer it delays or denies payment, the more it can earn from the interest and/or investment

income generated for their fully insured business. By delaying payment or not paying IDR awards, Allegiance is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with Allegiance or using the results to market its services to other health plans.

29.    Despite SpecialtyCare's numerous demands, Allegiance has failed to satisfy the Debt. As a result, Allegiance has forced SpecialtyCare to file this action to obtain the payments owed for services provided by SpecialtyCare. *See* Exhibit A.

### COUNT I
### Action for Confirmation of IDR Awards
### 9 U.S.C. § 9

30.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

31.    The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "***shall be made*** directly to the nonparticipating provider ***not later than [thirty] days after*** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Allegiance did not challenge or seek to vacate the awards; Allegiance simply did not pay them.

32.    Pursuant to Section 9 of the FAA, a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court

must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

33.    In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA are generally summary in nature. *See Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 254 (3d Cir. 2020) ("[T]he FAA provides for confirmation proceedings to be summary proceedings . . . .").

34.    IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to enforcement by the Court under Section 9 of the FAA.

35.    SpecialtyCare is entitled to an order confirming the IDR awards issued through November 22, 2024.[1]

36.    Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

37.    The amounts owed on those unpaid IDR awards issued through November 22, 2024, total $227,806, plus pre-judgment and post-judgment interest.

---

[1] The IDR awards through November 22, 2024, and the amounts due and owing pursuant to said awards are not in dispute. Allegiance has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of IDR awards for Allegiance to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

<u>**COUNT II**</u>
**Violation of No Suprises Act**
**42 U.S.C. §§ 300gg-111, *et seq.***

38.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

39.    The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "**shall be made** directly to the nonparticipating provider **not later than [thirty] days after** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Allegiance did not challenge or seek to vacate the IDR awards. Allegiance simply did not pay the awards.

40.    Allegiance has routinely failed to pay IDR awards issued through November 22, 2024, to SpecialtyCare within the statutorily mandated thirty-day deadline.

41.    As a result of Allegiance's violation of and disregard of the NSA's requirements, SpecialtyCare has been directly and proximately damaged by Allegiance's failure to remit payment in full in an amount in excess of $75,000, plus prejudgment and post-judgment interest.

## <u>COUNT III</u>
**Account Stated**

42.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

43.    There is presently due and owing to SpecialtyCare from Allegiance the sum of $227,806 on an account stated between the parties, which amount represents the total principal amount owed by Allegiance on unpaid IDR awards issued through November 22, 2024.

44.    SpecialtyCare and Allegiance engaged in prior transactions.

45.    As part of the services SpecialtyCare provided to Allegiance's members, Allegiance received a benefit because its members received the medical services provided by SpecialtyCare.

46.    Allegiance was aware of the benefits SpecialtyCare was providing to Allegiance's members, and never advised SpecialtyCare it should not provide such services to Allegiance's members or that Allegiance would not pay SpecialtyCare for such services.

47.    SpecialtyCare has made frequent demands to Allegiance for the above-described amounts due and owing and provided a statement of Allegiance's balance owed on the Debt to Allegiance, a copy of which is attached as Exhibit A.

48.    Allegiance did not object to the validity of the IDR entity determinations underlying the Debt or seek to vacate those determinations. Indeed,

Allegiance participated in most, if not all the IDR proceedings and did not indicate that is would not comply with the IDR entity determinations.

49.    SpecialtyCare has been directly and proximately damaged by Allegiance 's failure to remit payment in full on the account stated between the parties and is entitled to recover money damages plus prejudgment and post-judgment interest, in an amount to be determined at trial, but in no event less than $227,806.

## COUNT IV
## Open Account

50.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

51.    SpecialtyCare provided services to Allegiance's members, and, as a result of the provided services, the Debt owed by Allegiance was generated.

52.    Allegiance has failed and refuses to pay the Debt.

53.    The Debt remains unresolved, and Allegiance owes SpecialtyCare the Debt of $227,806 that is due with applicable interest.

54.    A copy of the account, in the form of an itemized chart listing the dispute numbers and amount owed for each IDR award against Allegiance at issue herein, including the total amount that remains unpaid for each of those IDR awards through November 22, 2024, is attached hereto as Exhibit A.

## COUNT V
### Montana Unfair Trade Practices Act
### Mont. Code Ann. §§ 33-18-201, *et seq.*

55.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

56.    Upon information and belief, Allegiance is an insurer, as defined under Mont. Code Ann. § 33-18-201.

57.    Pursuant to Mont. Code Ann. § 33-18-242(1), SpecialtyCare is a third-party claimant, and has suffered actual damages in the amount of the Debt.

58.    SpecialtyCare's damages were caused by Allegiance's conduct.

59.    Allegiance has engaged in unfair claim settlement practices, in violation of Mont. Code Ann. § 33-18-201 by, at least,:

a)    Failing to adopt and implement standards for the prompt investigation of claims underlying the IDR entity determinations at issue;

b)    Failing to acknowledge and act reasonably promptly upon communications with respect to the claims underlying the IDR entity determinations at issue;

c)    Refusing to pay for the claims underlying the IDR entity determinations at issue without conducting reasonable investigations based upon available information;

d)     Failing to promptly provide a reasonable explanation for its failure to pay the IDR awards at issue herein; and

e)     Failing to attempt in good faith to remit timely payment of the IDR awards issued through November 22, 2024, at issue of which Allegiance's obligation for such payment was reasonably clear.

60.     While SpecialtyCare is not required to show that Allegiance's violations were of such frequency as to indicate a general business practice, pursuant to Mont. Code Ann. § 33-18-242(2), Allegiance's foregoing practices occur with such frequency as to indicate a general business practice of Allegiance and these acts/omissions have been in reckless disregard for its insureds and its healthcare providers.

61.     As a direct and proximate cause of Allegiance's actions and/or inactions as set forth above, SpecialtyCare has been damaged.

62.     SpecialtyCare seeks recovery of damages in the amount of $227,806 plus pre- and post-judgment interest. Allegiance's violations of Mont. Code Ann. § 33-18-201 occur with such frequency as to indicate a general business practice of Allegiance and are done intentionally, willfully, and maliciously, thereby justifying an award of exemplary and punitive damages, pursuant to Mont. Code Ann. § 33-18-242(5).

## <u>COUNT VI</u>
**Quantum Meruit**

63.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

64.    SpecialtyCare rendered OON services and items to Allegiance's members and insureds.

65.    Allegiance was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

66.    Therefore, Allegiance received a significant economic benefit from SpecialtyCare's services.

67.    Allegiance has knowledge of the benefits conferred upon it.

68.    Allegiance has voluntarily accepted and retained the benefits conferred upon it.

69.    Allegiance's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Allegiance received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

70.    Thus, Allegiance has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Allegiance's initial payments were low and not commensurate to the reasonable value of the benefits conferred on it by SpecialtyCare.

71.    The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards through November 22, 2024, were issued, and Allegiance was obligated to make payment within thirty days of those IDR awards being issued.

72.    Allegiance has failed and refused to pay the amounts owed on those IDR awards issued through November 22, 2024, within thirty days as required by the NSA.

73.    Allegiance continues to improperly retain the amounts owed on the IDR awards at issue herein.

74.    It would be inequitable for Allegiance to retain the benefits of the services provided by SpecialtyCare without paying the full value of the benefits as set forth in the IDR awards through November 22, 2024, and SpecialtyCare has suffered damages as a result.

75.    SpecialtyCare hereby seeks payment of the IDR awards at issue herein in the amount of $227,806, plus prejudgment and post-judgment interest, in an amount to be determined at trial.

## COUNT VII
### Unjust Enrichment

76.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

77.    SpecialtyCare rendered OON services and items to Allegiance's members and insureds.

78.    These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Allegiance to retain the benefit without commensurate compensation.

79.    Allegiance was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

80.    Therefore, Allegiance received significant economic benefits from SpecialtyCare's services.

81.    Allegiance has knowledge of the benefits conferred upon it.

82.    Allegiance voluntarily accepted and retained the benefits conferred upon it.

83.    Allegiance's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Allegiance received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

84.    Thus, Allegiance has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Allegiance's initial payments were low and not commensurate to the value of the benefits conferred on it by SpecialtyCare.

85.    The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued through November 22, 2024, and Allegiance was obligated to make payment within thirty days of those IDR awards.

86.    Allegiance has failed and refused to pay the amounts owed on the IDR awards issued through November 22, 2024, within thirty days as required by the NSA.

87.    Allegiance continues to improperly retain the amounts owed on the IDR awards at issue herein.

88.    Allegiance would be unjustly enriched if allowed to retain the benefit of the services provided by SpecialtyCare without paying the full value of those benefits as set forth in the IDR awards through November 22, 2024, and SpecialtyCare has suffered damages as a result.

89.    SpecialtyCare hereby seeks payment of the IDR awards through November 22, 2024, in the amount of $227,806, plus prejudgment and post-judgment interest, in an amount to be determined at trial, attorneys' fees, and costs.

## <u>COUNT VIII</u>
### Declaratory Judgment

90.    SpecialtyCare incorporates and realleges paragraphs 1–29 as though fully alleged and set forth herein.

91.    SpecialtyCare rendered OON services and items to Allegiance's members and insureds.

92.    These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Allegiance to retain the benefit without commensurate compensation.

93.    Allegiance was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

94.    Allegiance has failed to pay the Debt owed to SpecialtyCare.

95.    SpecialtyCare seeks declaratory judgment from the Court that Allegiance is and was obligated to pay each of the unpaid IDR awards set forth in Exhibit A within thirty days of the date of each IDR award.

96.    The amounts owed on those unpaid IDR awards issued through November 22, 2024, total $227,806, plus pre-judgment and post-judgment interest.

97.    SpecialtyCare seeks all available relief, including, but not limited to, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, SpecialtyCare respectfully prays for an Order:

A.    Confirming each IDR award included in Exhibit A pursuant to 9 U.S.C. § 9;

B.      Enforcing all the IDR awards issued through November 22, 2024, and not paid within thirty days as required by federal law in an amount not less than $227,806 and entering a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961 and applicable Montana law;

C.      Entering judgment for Plaintiffs;

D.      Awarding SpecialtyCare equitable relief requiring Allegiance to comply with the NSA by paying all future IDR awards within thirty days;

E.      Entering declaratory judgment that Allegiance is and was obligated to pay SpecialtyCare each of the unpaid IDR awards listed in Exhibit A within thirty days of the date of each IDR award;

F.      Awarding SpecialtyCare monetary relief, including compensatory and punitive damages;

G.      Awarding all pre- and post-judgment interest as prescribed by law, including, but not limited to applicable interest under 28 U.S.C. § 1961, Mont. Code Ann. § 27-1-211, Mont. Code Ann. § 26-9-204–205, and all other applicable statutes and regulations;

H.      Awarding reasonable attorneys' fees and costs as permitted by law; and

I.      Awarding and granting such further and other legal or equitable relief to and that may be just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, SpecialtyCare demands a trial by jury for all issues so triable as a matter of right.

DATED January 8, 2025.

**BAKER & HOSTETLER LLP**

*/s/* Keeley O. Cronin
Keeley O. Cronin, No. 67323804
1801 California Street, Suite 4400
Denver, CO 80202
Phone: (303) 861-0600
kcronin@bakerlaw.com

Robert W. Thielhelm Jr. (*pro hac vice* forthcoming)
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4072
rthielhelm@bakerlaw.com

*/s/* Paul N. Tranel
Paul N. Tranel
**BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.**
PO Box 7729
Missoula, MT 59807-7729
Phone: (406) 532-7800
mail@bebtlaw.com

*Attorneys for Plaintiffs*